UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS,<br><br>                         Petitioner,<br><br>v.<br><br>EDWARD J. BORLA, Warden,<br><br>                         Respondent. | Case No.:  25cv0896 BEN (MSB)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner has also filed a motion to proceed in forma pauperis.  (ECF No. 2.)  Upon review and for the reasons discussed below, the Court **DENIES** the motion to proceed in forma pauperis without prejudice and **DISMISSES** the Petition without prejudice.

## MOTION TO PROCEED IN FORMA PAUPERIS

A motion to proceed in forma pauperis made by a state prisoner must include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  R. 3(a)(2), Rules Governing § 2254 Cases (2019); *see also* CivLR 3.2.  The motion must also "contain a certified copy of the trust fund account statement (or

institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." CivLR 3.2; *see also* 28 U.S.C. § 1915(a)(2).

Petitioner has failed to provide the Court with the required financial information necessary to evaluate this motion, i.e. the prison certificate or the certified copy of his trust fund account statement. (*See generally* ECF No. 2.) Because Petitioner has not provided the Court with the required financial information, the Court is unable to determine whether he qualifies to proceed in forma pauperis. Accordingly, the Court **DENIES** the motion [ECF No. 2] without prejudice to resubmission.

Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant habeas case is subject to dismissal without prejudice. *See* R. 3(a), Rules Governing § 2254 Cases (2019).

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

In accordance with Rule 4 of the Rules Governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States or laws or treaties of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

In the sole claim in the Petition, Petitioner alleges that his sentence is "unlawful" and "legally unauthorized," contending that the trial court erred "by imposing the full 20-year term for the enhancement under penal code section 12022.53 and by imposing four years for the attempted robbery conviction" instead of a one-third sentence for each of those terms.  (*See* ECF No. 1-2 at 5.)  He also asserts that the state court's rejection of his appeal "constitutes an unreasonable determination of the facts in light of the evidence presented in the state court record" and that the state court misapplied state law in deciding his appeal.  (*Id.* at 7-11.)  However, Petitioner does not allege any federal constitutional violation arising from the asserted sentencing error and rejection of his appeal.  (*See* ECF Nos. 1, 1-2 *generally*.)  Thus, in no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Rule 4 of the Rules Governing § 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  R. 4, Rules Governing Section 2254 Cases (2019).  Here, it is plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.  Because there is no ground upon which to entertain the Petition, the Court must dismiss the case.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case unless he also alleges that he has exhausted state judicial remedies as to that *federal* claim before bringing it via federal habeas.[1]

///

---

[1] It is not entirely clear if Petitioner presented the claim he wishes to present in this Court in the California Supreme Court.  On the portion of the habeas petition form asking if he raised Ground One in the California Supreme Court, Petitioner checked the box to indicate "no," but in that same section of the form, he also provided the case number of a habeas petition filed in, and denied by, the California Supreme Court.  (*See* ECF No. 1 at 6.)

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

4

The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** the motion to proceed in forma pauperis [ECF No. 2] without prejudice and **DISMISSES** the Petition without prejudice. To have this case reopened, Petitioner must submit, no later than **June 16, 2025**, **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form and a blank In Forma Pauperis Application together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: June 16, 2025

_____
Honorable Roger T. Benitez
United States District Judge