UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS,<br><br>        Petitioner,<br><br>v.<br><br>EDWARD J. BORLA, Warden,<br><br>        Respondent. | Case No.: 25cv0896 BEN (MSB)<br><br>**ORDER:**<br><br>**(1) SUMMARILY DISMISSING SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION;**<br><br>**(2) DENYING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 5] AS MOOT; AND**<br><br>**(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

  On April 11, 2025, Petitioner Ernesto Vargas ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a San Diego Superior Court judgment of conviction and resultant sentence of 32 years and 4 months in prison, along with a request to proceed in forma pauperis ("IFP"). (ECF Nos. 1-2.)  On June 17, 2025, the Court denied Petitioner's request to proceed IFP and dismissed the Petition without prejudice for failure to satisfy the filing fee requirement and failure to state a cognizable federal claim and directed Petitioner that to have the case

reopened he must (1) provide the Court with either the $5.00 filing fee or with adequate proof that he cannot pay the $5.00 filing fee <u>and</u> (2) submit a completed First Amended Petition form that cured the identified pleading deficiencies.  (*See* ECF No. 3.)  On July 21, 2025, Petitioner filed a First Amended Petition challenging his 2003 San Diego Superior Court judgment of conviction and resultant sentence of 32 years and 4 months in prison. (ECF No. 4.)  On July 24, 2025, Petitioner filed a renewed motion to proceed IFP. (ECF No. 5.)  For the reasons discussed below, the Court **DISMISSES** the First Amended Petition without prejudice, **DENIES** the renewed motion to proceed IFP as **MOOT**, and **DECLINES** to issue a certificate of appealability.

**PETITION CHALLENGING JUDGMENT IN CASE NUMBER SCD175175 BARRED BY GATEKEEPER PROVISION**

Petitioner now acknowledges the instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his October 14, 2003, San Diego County Superior Court judgment of conviction in case number SCD175175.[1] (*See* ECF No. 4 at 5.)  On June 16, 2005, Petitioner filed in this Court a Petition for a Writ

---

[1] It also appears from the Court's initial review that Petitioner may now also be attempting to challenge more than one matter or judgment in the instant case.  Petitioner is advised that pursuant to the Rules Governing Section 2254 Cases, a habeas petitioner must submit a separate petition for each challenge.  *See* R. 2(e), Rules Governing § 2254 Cases (2019) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.")  The First Amended Petition lists *two* trial court case numbers with respect to the judgment of conviction being challenged, SCD175175 and SCD172263, but only lists *one* date for the judgment of conviction and *one* sentence, while the prior Petition listed only the 32 years and 4 month sentence, no trial court case number and no date of conviction.  (*Compare* ECF No. 4 at 1 *with* ECF No. 1 at 1-2.)  Upon review of the First Amended Petition and as outlined elsewhere in this Order, both the date of the judgment of conviction and the term of sentence imposed clearly correspond to San Diego Superior Court case number SCD175175.  Meanwhile, Petitioner fails to identify any date for a judgment of conviction or length of sentence with respect to case number SCD172263.  To the extent Petitioner may be attempting to challenge more than one judgment in the instant case, he is advised that any such additional challenge must be brought in a separate habeas proceeding.

2

of Habeas Corpus challenging this same 2003 judgment of conviction and sentence of 32 years and 4 months in San Diego Superior Court case number SCD175175, of which the Court takes judicial notice. (*See* ECF No. 1 in *Vargas v. Evans*, S.D. Cal. Case No. 05-cv-1233-L (NLS); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") On June 21, 2006, this Court denied that petition on the merits with prejudice and on August 9, 2006, denied a certificate of appealability. (*See* ECF Nos. 12, 15 in S.D. Cal. Case No. 05-cv-1233-L (NLS).) On March 27, 2007, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (*See* ECF No. 18 in S.D. Cal. Case No. 05-cv-1233-L (NLS) (copy of order).)

In the instant Petition, Petitioner again indicates he seeks to challenge this same October 14, 2003, judgment of conviction, which he again indicates resulted in a sentence of 32 years and 4 months. (*See* ECF No. 4 at 1.) Again, Petitioner acknowledges that this is not his first federal petition for a writ of habeas corpus challenging his 2003 San Diego County judgment of conviction. (*See id.* at 5.) "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition.)

Even were Petitioner able to demonstrate that his petition falls within the statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)-(B), Petitioner must still first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this District. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals.") In the instant case, Petitioner indicates he has not obtained permission from the

Ninth Circuit Court of Appeals to file a second or successive petition (*see* ECF No. 4 at 5), and the Court's review of the Ninth Circuit's electronic docket similarly fails to reflect that Petitioner has sought or obtained such permission from the Ninth Circuit. Accordingly, this Court lacks jurisdiction to consider the instant federal Petition.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A) and (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the instant case, because Petitioner previously filed a petition challenging his 2003 San Diego County judgment of conviction which was denied on the merits, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

### CONCLUSION

Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition challenging his 2003 judgment of conviction in San Diego Superior Court case number SCD175175, this Court cannot consider the Petition. Accordingly, the Court **DISMISSES** this habeas action without prejudice to Petitioner filing a petition in this Court challenging that judgment of conviction

if he obtains the necessary order from the Ninth Circuit Court of Appeals and **DENIES** Petitioner's renewed motion to proceed IFP [ECF No. 5] as **MOOT**. The Court **DECLINES** to issue a COA. The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

To the extent Petitioner seeks to challenge a judgment of conviction in case number SCD172263, Petitioner is advised that any such challenge must be brought in a separate habeas proceeding. *See* R. 2(e), Rules Governing § 2254 Cases (2019).

**IT IS SO ORDERED.**

Dated: July 29, 2025

_____
Hon. Roger T. Benitez
United States District Judge